# EXHIBIT "B"

Plaintiff's Complaint

Plaintiff's Complaint

# EXHIBIT "B"

Electronically Filed
4/22/2020 3:29 PM
Steven D. Grierson
CLERK OF THE COURT

1
**COMJD**
GABROY LAW OFFICES
Christian Gabroy (#8805)
Kaine Messer (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel: (702) 259-7777
Fax: (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

CASE NO: A-20-814011-C
Department 30

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| KENNETH FANK, on behalf of himself and all others similarly situated; | Case No.: |
| | Dept.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **Arbitration Exemption Claimed: Class Action** |
| AHERN RENTALS, INC.; AX TRANSPORTATION LLC; DOES 1-10; and ROE CORPORATIONS 11-20, inclusive; | 1) **Tortious Discharge – Public Policy of Protecting Employees Who Pursue Workers' Compensation Claims** |
| Defendants. | 2) **Violation of Americans With Disabilities Act – 42 U.S.C. § 12112** *et seq.* |
| | 3) **Negligent Hiring, Training, Supervision and Retention** |
| | 4) **Injunctive/Declaratory Relief** |
| | **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

COMES NOW Plaintiff Kenneth Fank ("Plaintiff" or "Fank"), on behalf of himself and all others similarly situated and alleges the following:

All allegations in the Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and his counsel. Each allegation in the Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**JURISDICTION AND VENUE**

1.    This is a civil action for damages under state and federal laws prohibiting

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

unlawful employment actions and to secure the protection of and to redress deprivation of rights under these laws.

2.      Jurisdiction and venue are based on 42 U.SC. § 12101 *et seq.* and Plaintiff's claims under Nevada law.

3.      All alleged unlawful employment actions occurred in this judicial district.

4.      Plaintiff hereby demands a jury trial on all issues triable by jury herein.

## THE PARTIES

5.      Plaintiff was at all relevant times a resident of the State of Nevada.

6.      At all relevant times, Defendant Ahern Rentals, Inc. ("Defendant Ahern") was a domestic corporation registered with the Nevada Secretary of State.

7.      Defendant Ahern Rentals, Inc. represented to the federal government on Fank's 2018 W-2 that it was Fank's employer.

8.      At all times relevant, Plaintiff was an employee of Defendant Ahern Rentals, Inc. as that term is defined in 42 U.S.C. § 12111.

9.      At all times relevant, Defendant Ahern Rentals, Inc. was Plaintiff's employer as that term is defined in 42 U.S.C. § 12111.

10.      At all relevant times, Defendant AX Transportation LLC ("Defendant AX") was a domestic limited-liability company registered with the Nevada Secretary of State.

11.      At all times relevant, Plaintiff was an employee of Defendant AX Transportation LLC as that term is defined in 42 U.S.C. § 12111.

12.      At all times relevant, Defendant AX Transportation LLC was Plaintiff's employer as that term is defined in 42 U.S.C. § 12111.

13.      Based on information and belief, at all relevant times, Defendants were the partners, joint ventures, agents, co-conspirators, servants, and employees of each of the other Defendants herein, and were acting at all relevant times within the scope, purpose and authority of said partnership, joint venture, agency, service, employment, and conspiracy, and with the knowledge, consent, permission, acquiescence, and ratification of their co-defendants.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

14. The true names and capacities, whether individual, corporate, associate or otherwise of other Defendant hereinafter designated as DOES 1 through 10 and ROE CORPORATIONS 11 through 20, inclusive, were individuals who are in some manner negligent and wrongful towards Plaintiff, were Plaintiff's employer, caused injury to Plaintiff, and/or otherwise damaged Plaintiff. Plaintiff is further informed and believes, and therefore alleges, that each of the Defendants, designated as DOES 1 through 10 and ROE CORPORATIONS 11 through 20, are or may be, legally responsible for the events referred to in this action and other events not mentioned in this action, and caused damages to Plaintiff. Plaintiff will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

15. Plaintiff is informed and believes that each Defendant sued herein as DOE or ROE CORPORATION is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant" or "Defendants" herein shall mean "Defendants and each of them."

## PROCEDURAL REQUIREMENTS

16. Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit.

17. On or about December 18, 2018, Plaintiff timely filed a complaint of discrimination with the Nevada Equal Rights Commission ("NERC").

18. Plaintiff timely completed and filed his Charge of Discrimination with the Nevada Equal Rights Commission on or about March 19, 2019.

19. Plaintiff timely completed and filed his Amended Charge of Discrimination with the Nevada Equal Rights Commission on or about February 3, 2020. *See* a true and correct copy of Plaintiff's Amended Charge of Discrimination attached hereto as Exhibit I. Such allegations of Exhibit I are hereby incorporated herein this Complaint.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

## FACTUAL ALLEGATIONS

20.     In or about May of 2006, Plaintiff was offered and accepted a position as a truck driver for Defendants.

21.     On or about April 19, 2018, Plaintiff was injured in the course and scope of his employment.

22.     Specifically, Plaintiff was injured while pulling a fuel hose.

23.     Plaintiff's April 19, 2018 on-the-job injury occurred through no fault of his own.

24.     On or about April 20, 2018, Plaintiff filled out a C-4 Worker's Compensation form. *See* a true and correct copy of the C-4 Worker's Compensation form attached hereto as Exhibit II.

25.     Plaintiff was diagnosed with a lumbar strain and abdominal strain. *See* Exhibit II.

26.     On or about April 24, 2019, Defendants issued Plaintiff a Safety Violation Notice regarding the April 20, 2018 injury. *See* a true and correct copy of the Safety Violation Notice attached hereto as Exhibit III.

27.     Such Safety Violation Notice declared that Plaintiff "caused an At Fault Injury to himself when he sprain/strained his back and abdomen pulling a twisting fuel hose." *See* Exhibit III.

28.     Such Safety Violation Notice declared Plaintiff would be "[a]ssessed 8 Points" due to his injury. *See* Exhibit III.

29.     Upon information and belief, Defendants declare to employees they "use[] the point system to review Company employees…who are involved in…workplace accidents."

30.     Upon information and belief, Defendants declare to employees the point system "applies to all Employees, including those who drive or operate equipment owned or leased by the Company, regardless of whether the Employee was driving the equipment during business hours at the time of such Actionable Event."

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

1    31.    Five days after Plaintiff's injury, Defendants terminated Plaintiff on or about

2    April 24, 2018.

3    32.    Defendants' proffered reason for termination Plaintiff was "[e]xceed[ing] the

4    amount of allotted safety points." *See* a true and correct copy of the Personnel Action

5    Form attached hereto as Exhibit IV.

6    33.    Defendants' proffered reason for terminating Plaintiff was pretextual.

7    34.    Upon information and belief, Defendants maintain a company-wide policy

8    and practice of assessing disciplinary points against employees injured in the course and

9    scope of their employment with Defendant.

10   35.    Upon information and belief, such policy and practice results in the

11   eventual termination of employees assessed a specified number of disciplinary points.

12   36.    Specifically, Defendants represent to their employees "[t]he accumulation

13   of 12 or more points in a single 12-MONTH period may result in the Employee being

14   suspended, reassigned or terminated from the Company in the Company's sole

15   discretion."

16   37.    Upon information and belief, such policy and practice has been common at

17   Defendants' locations in the state of Nevada.

18                          **CLASS ACTION ALLEGATIONS**

19   38.    Plaintiff realleges and incorporates by this reference all the paragraphs

20   above in this Complaint as though fully set forth herein.

21   39.    Plaintiff brings this action on behalf of himself and all other similarly

22   situated persons as a class action under Rule 23 of the Nevada Rules of Civil Procedure.

23   40.    The **Nevada Class** is defined as "All Nevada employees of Defendants

24   who were terminated under Defendants' point system used to review employees

25   involved in crashes and workplace accidents within 2 years from the filing of this

26   complaint until judgment."

27

28

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

41.     Class treatment is appropriate under Rule 23's class certification mechanism because:

a.     <u>The Class is Sufficiently Numerous</u>: Upon information and belief, Defendants employ, and have employed, in excess of 40 Nevada Class Members within the applicable time period. Because Defendants are obligated to keep accurate personnel records, Plaintiff alleges that Defendants' records will establish the members of the Class as well as its numerosity.

b.     <u>Plaintiff's Claim is Typical to Those of Fellow Class Members</u>: Each Class Member is and was subject to the same practices, plans, or policies as Plaintiff. Specifically, the policy and practice of assessing disciplinary points resulting in eventual termination against employees injured in the course and scope of their employment with Defendant.

c.     <u>Common Questions of Law and Fact Exist</u>:  Common questions of law and fact exist and predominate as to Plaintiff and the Class Members, including, without limitation: whether Defendants maintained a policy and practice of assessing disciplinary points resulting in eventual termination against employees injured in the course and scope of their employment with Defendant.

d.     <u>Plaintiff is an Adequate Representative of the Class</u>: Plaintiff will fairly and adequately represent the interests of the Class because Plaintiff is a member of the Nevada Class, he has issues of law and fact in common with all members of the Class, and his interests are not antagonistic to Class members. Plaintiff and his counsel are aware of their fiduciary responsibilities to Class Members and are determined to discharge those duties diligently by vigorously seeking the maximum possible recovery for Class Members.

e.     <u>Predominance/Superior Mechanism</u>: Class claims predominate and a class action is superior to other available means for the fair and efficient adjudication of this controversy.  Each Class Member has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and practice as alleged herein. The prosecution of

1  individual remedies by each Class Member will tend to establish inconsistent standards

2  of conduct for Defendants and result in the impairment of Class Members' rights and the

3  disposition of their interest through actions to which they were not parties.

### FIRST CLAIM FOR RELIEF
### TORTIOUS DISCHARGE –PUBLIC POLICY OF PROTECTING EMPLOYEES
### WHO PURSUE WORKERS' COMPENSATION CLAIMS
#### (On Behalf of Plaintiff and the Nevada Class)

7  42.  Plaintiff hereby realleges and incorporates every allegation of this

8  Complaint as though fully set forth herein.

9  43.  On or about April 19, 2018, Plaintiff was injured in the course and scope of

10  his employment when he was injured as a result of a work-related incident occurring

11  during his shift.

12  44.  Plaintiff filed a workers' compensation form on or about April 20, 2018.

13  45.  Plaintiff exercised his rights by filling out a Workers' Compensation form on

14  or about April 20, 2018.

15  46.  Plaintiff was released back to work on or about April 21, 2018 with light

16  restrictions.

17  47.  At all times relevant, Plaintiff was in compliance with Defendants' work

18  performance expectations.

19  48.  Four days after filing for Workers' Compensation, on or about April 24,

20  2018 Plaintiff was terminated.

21  49.  As a result of Plaintiff's unlawful termination, Plaintiff was damaged.

22  50.  Defendants terminated Plaintiff for reasons that violate Nevada's public

23  policy against terminating Plaintiff for pursuing and filing a Workers' Compensation claim.

24  51.  Defendants tortiously terminated Plaintiff for his pursuit and filing of his

25  lawful Workers' Compensation Claim.

26  52.  Defendants' proffered reasons for terminating Plaintiff were pretextual.

27  53.  Defendants' decision to discharge Plaintiff was proximately caused by

28  Plaintiff pursuing and/or filing his workers' compensation claim and was in derogation of

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

the public policy of the State of Nevada.

54.     As a proximate result of Defendants' tortious discharge of Plaintiff, Plaintiff has suffered general, special, and consequential damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

55.     Defendants' acts and/or omissions were fraudulent, malicious, or oppressive under NRS 42.005.  Pursuant to NRS 42.005 Plaintiff is entitled to an award of punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

56.     It was necessary for Plaintiff to retain the services of an attorney to file this action which entitles Plaintiff to an award of reasonable attorney's fees and costs in this suit.

57.     As a result of the conduct of Defendant, as set forth herein, Plaintiff has sustained damages including, but not limited to, attorney fees and costs for the prosecution, legal advice, and representation herein.

58.     Plaintiff was forced to retain the services of attorneys to prosecute this matter.

59.     Plaintiff seeks recovery of his attorney fees, costs, and expenses.

60.     As described above, Defendants maintain a policy and/or practice of assessing disciplinary points resulting in eventual termination against employees injured in the course and scope of their employment with Defendant.

61.     As a result, Plaintiff and Nevada Class Members have been terminated by Defendants in violation of Nevada's public policy of protecting employees who pursue workers' compensation claims.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12112 *et seq.***
**(On Behalf of Plaintiff Individually)**

62.     Plaintiff hereby realleges and incorporates every allegation of this Complaint as though fully set forth herein.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

63.    At all times relevant, Plaintiff was a qualified individual under the ADA in that he was an individual with a disability who had a physical impairment that substantially limited one or more major life activities, had a record of such impairment, and/or was a person regarded and/or perceived as having an impairment or disability.

64.    Plaintiff suffered from a lumbar strain and abdominal strain (collectively, Plaintiff's "Medical Conditions").

65.    Plaintiff's Medical Conditions constituted a disability as one or more physical impairments that substantially limited one or more of his major life activities.

66.    Plaintiff sought medical treatment and continued to receive medical treatment.

67.    At all times relevant, Plaintiff informed Defendants of his disability.

68.    Defendants were aware of Plaintiff's disability.

69.    Plaintiff requested reasonable accommodations for his disability.

70.    Plaintiff, with or without reasonable accommodation, could perform the essential functions of his job.

71.    Defendants discriminated against Plaintiff on the basis of his disability, in violation of the ADA, by failing to provide Plaintiff a reasonable accommodation.

72.    Defendants discriminated against Plaintiff on the basis of his disability by failing to engage in the interactive process in good faith.

73.    Defendants discriminated against Plaintiff on the basis of his disability by ultimately terminating Plaintiff.

74.    Although Defendants could have reasonably accommodated Plaintiff's disability, Defendants terminated him in violation of the ADA.

75.    Defendants discriminated against Plaintiff in violation of the Americans with the Disabilities Act, on the basis of an actual and/or perceived disability.

### THIRD CLAIM FOR RELIEF
### NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION
### (On Behalf of Plaintiff Individually)

76.    Plaintiff hereby realleges and incorporates every allegation of this

1   Complaint as though fully set forth herein.

2   77.   Defendants had a duty of reasonable care to protect the Plaintiff from the

3   negligent and/or careless actions of their own agents, officers, employees, and others.

4   78.   Defendants had a duty of reasonable care not to hire individuals with a

5   propensity towards committing unlawful acts against Plaintiff.

6   79.   Defendants had a duty to adequately train and supervise their employees

7   in regards to all correct policies and procedures in regard to harassment, medical leave,

8   absence, and/or termination policies and procedures.

9   80.   Defendants knew and/or should have known that their employees had a

10  propensity towards committing unlawful acts.

11  81.   Defendants breached their duty to Plaintiff by failing to supervise, train, and

12  hire appropriate personnel.

13  82.   As a direct and proximate cause of the foregoing conduct, Plaintiff suffered

14  harm including loss of income and benefits, severe emotional distress including but not

15  limited to great mental and emotional harm, anguish, anxiety, insecurity, damage to self-

16  esteem and self-worth, and shame and humiliation, lack or appetite, and loss of sleep

17  and/or anxiety.

18  **FOURTH CLAIM FOR RELIEF**
    **INJUNCTIVE/DECLARATORY RELIEF**
19  **(On Behalf of Plaintiff and the Nevada Class)**

20  83.   Plaintiff realleges and incorporates by this reference all the paragraphs

21  above in this Complaint as though fully set forth herein.

22  84.   As Defendants have maintained a policy and/or practice of assessing

23  disciplinary points resulting in eventual termination against employees injured in the

24  course and scope of their employment with Defendants, Defendants have tortiously

25  discharged employees injured in violation of Nevada public policy.

26  85.   Plaintiff and the Nevada Class will suffer irreparable injury if Defendants

27  are not enjoined from the continuation of its unlawful employment practices.

28

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

86.    As a result of the aforementioned unlawful employment practices, Plaintiff submits that there has been a likelihood of success on the merits that Plaintiff and the Class Members have been damaged, that there is irreparable harm, and Plaintiff requests that this Honorable Court enter an Order that restrains Defendants from attempting to enforce the alleged unlawful employment practices.

87.    Plaintiff requests that this Honorable Court enter a declaration of rights/obligations in regards to all such unlawful deceptive trade practices in this matter.

88.    Further, disputes and controversies have arisen between the parties relative to the lawfulness of the trade practices, and Plaintiff is entitled to have an order entered pursuant to Chapter 30 of the Nevada Revised Statutes construing the employment practices and adjudging and declaring Plaintiff and the Class Members' rights and remedies thereunder including such an Order stating that such employment practices are unlawful.

89.    Plaintiff has been required to retain the services of an attorney and is entitled to a reasonable award of attorneys' fees and costs.

**WHEREFORE**, Plaintiff, by himself and on behalf of all Class Members prays for a judgment against Defendants as follows:

1.    For an order certifying this action as a class action on behalf the proposed Class and providing notice to all Class Members so they may participate in this lawsuit;

2.    For an order appointing Plaintiff as the Representative of the Class and his counsel as Class Counsel;

3.    For general damages in excess of $15,000.00;

4.    For interest as provided by law at the maximum legal rate;

5.    For injunctive relief;

6.    For declaratory relief;

7.    For liquidated damages;

8.    For special damages;

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

9.     For consequential damages;

10.    For punitive damages;

11.    For reasonable attorney's fees and costs incurred in filing this action; and,

12.    Such other and further relief as the Court may deem just and proper.

Dated this 22nd day of April 2020.

Respectfully submitted,

GABROY LAW OFFICES

By: _____
Christian Gabroy (#8805)
Kaine Messer (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway,
Suite 280
Henderson, Nevada 89012
Tel:    (702) 259-7777
Fax:    (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

# EXHIBIT I

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | [X] FEPA | 0319-19-0132L |
| | | [X] EEOC | 34B-2019-00295 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| **Kenneth Fank** | Redacted | 1968 |

| Street Address | City, State and ZIP Code |
|---|---|
| Redacted | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **AX TRANSPORTATION, LLC** | 500+ | (702) 362-0623 |

| Street Address | City, State and ZIP Code |
|---|---|
| **1401 Mineral Ave., Las Vegas, NV 89106** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **AHERN RENTALS / AX TRANSPORTATION** | 500+ | (702) 362-0623 |

| Street Address | City, State and ZIP Code |
|---|---|
| **1401 Mineral Ave., Las Vegas, NV 89106** | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN

[ ] RETALIATION   [ ] AGE   [X] DISABILITY   [ ] GENETIC INFORMATION

[ ] OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 04/20/2018 | 04/24/2018 |

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

AMENDED CHARGE

THIS CHARGE IS BEING AMENDED TO REFLECT THE RESPONDENT'S CORRECT NAME AS AX TRANSPORTATION, LLC.

The Respondent discriminated against me on the basis of disability. I was subjected to unwarranted discipline and discharged. I filed my complaint of discrimination with the Nevada Equal Rights Commission on December 18, 2018.

I worked for the Respondent as a Truck Driver from May 20, 2006, until I was discharged on April 24, 2018.

On April 19, 2018, I had a workplace injury which caused my disability.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 02-03-20          *signature*

Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

Received NERC

FEB 03 2020

Las Vegas, NV |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA | 0318-19-0132L |
| | [X] EEOC | 34B-2019-00295 |

| **Nevada Equal Rights Commission** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

On April 20, 2018, the Respondent was formally put on notice by my doctor of my disability. The same day Muhammad Fejleh, Supervisor, issued me a discipline in the form of a Performance Improvement Notice for Employment Rules Violation.

On April 24, 2018, Chris Nigro, Department Head, and Muhammad, issued me another discipline in the form of a Safety Violation Notice which was back dated to April 19, 2018. Chris and Muhammad then informed me that I was discharged for exceeding the amount of allotted safety points.

I believe once I put the Respondent on notice of my disability, Chris and Muhammad began issuing me unwarranted disciplines to set me up to be discharged.

I believe the Respondent's actions violated the Americans with Disabilities Act Amendment Act (ADAAA) and Nevada State Law.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 02-03-20 *(signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | |

Received NERC

FEB 03 2020

Las Vegas, NV

# EXHIBIT II

EMPLOYEE'S CLAIM FOR COMPENSATION/REPORT OF INITIAL TREATMENT
FORM C-4
PLEASE TYPE OR PRINT

## EMPLOYEE'S CLAIM – PROVIDE ALL INFORMATION REQUESTED

| First Name Kenneth | M.I. A | Last Name Fank | Birthdate | Sex ☒ M ☐ F | Claim Number (Insurer's Use Only) |
|---|---|---|---|---|---|

| Home Address | | | Age 49y | Height 70 in | Weight 230 lb | Social Security Number |
|---|---|---|---|---|---|---|

| City | State | Zip | Telephone | |
|---|---|---|---|---|

| Mailing Address | City | State | Zip | Primary Language Spoken ENGLISH |
|---|---|---|---|---|

| INSURER Gallagher Bassett | THIRD-PARTY ADMINISTRATOR | Employee's Occupation (Job Title) When Injury or Occupational Disease Occurred driver |
|---|---|---|

| Employer's Name/Company Name Ahern Rentals Inc-Mineral Ave | Telephone (702) 851-3701 |
|---|---|

Office Mail Address (Number and Street) 1401 Mineral Ave  Las Vegas, NV 89106-4342

| Date of Injury (if applicable) 4-19-18 | Hours Injury (if applicable) am 9:00 pm | Date Employer Notified 4-20-18 | Last Day of Work After Injury or Occupational Disease 4-20-18 | Supervisor to Whom Injury Reported Mohamad Fejleh |
|---|---|---|---|---|

Address or Location of Accident (if applicable) First Choice tree

What were you doing at the time of the accident? (if applicable) Working, @ Pulling fuel hose

How did this injury or occupational disease occur? (Be specific and answer in detail. Use additional sheet if necessary)
Thru the normal course of work, pulling hose, twisting

| If you believe that you have an occupational disease, when did you first have knowledge of the disability and its relationship to your employment? NO | Witnesses to the Accident (if applicable) |
|---|---|

| Nature of Injury or Occupational Disease | Part(s) of Body Injured or Affected Lower back, abdomen |
|---|---|

I CERTIFY THAT THE ABOVE IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND THAT I HAVE PROVIDED THIS INFORMATION IN ORDER TO OBTAIN THE BENEFITS OF NEVADA'S INDUSTRIAL INSURANCE AND OCCUPATIONAL DISEASES ACTS (NRS 616A TO 616D, INCLUSIVE OR CHAPTER 617 OF NRS). I HEREBY AUTHORIZE ANY PHYSICIAN, CHIROPRACTOR, SURGEON, PRACTITIONER, OR OTHER PERSON, ANY HOSPITAL, INCLUDING VETERANS ADMINISTRATION OR GOVERNMENTAL HOSPITAL, ANY MEDICAL SERVICE ORGANIZATION, ANY INSURANCE COMPANY, OR OTHER INSTITUTION OR ORGANIZATION TO RELEASE TO EACH OTHER, ANY MEDICAL OR OTHER INFORMATION, INCLUDING BENEFITS PAID OR PAYABLE, PERTINENT TO THIS INJURY OR DISEASE, EXCEPT INFORMATION RELATIVE TO DIAGNOSIS, TREATMENT AND/OR COUNSELING FOR AIDS, PSYCHOLOGICAL CONDITIONS, ALCOHOL OR CONTROLLED SUBSTANCES, FOR WHICH I MUST GIVE SPECIFIC AUTHORIZATION. A PHOTOSTAT OF THIS AUTHORIZATION SHALL BE AS VALID AS THE ORIGINAL.

| Date | Place | Employee's Signature |
|---|---|---|

## THIS REPORT MUST BE COMPLETED AND MAILED WITHIN 3 WORKING DAYS OF TREATMENT

| Place Las Vegas,NV | Name of Facility 2908 Brooks Las Vegas North |
|---|---|

| Date 04/20/2018 | Diagnosis and Description of Injury or Occupational Disease Lumbar strain Abdominal strain | Is there evidence that the injured employee was under the influence of alcohol and/or another controlled substance at the time of the accident? ☒ No  ☐ Yes (if yes, please explain) |
|---|---|---|

| Hour 11:48 AM | | |
|---|---|---|

| Treatment Torabol 60mg × 1 IM  Tramadol 50mg ; #card | Have you advised the patient to remain off work five days or more? ☐ Yes Indicate dates: from _____ to _____ ☒ No  If no, is the injured employee capable of: ☐ full duty, ☒ modified duty |
|---|---|

| X-Ray Findings: Negative | If modified duty, specify any limitations/restrictions: No lift > 10 lbr No push/pull > 20 lbr No bending |
|---|---|

| From information given by the employee, together with medical evidence, can you directly connect this injury or occupational disease as job incurred? ☒ Yes ☐ No | |
|---|---|

| Is additional medical care by a physician indicated? ☐ Yes ☒ No | |
|---|---|

Do you know of any previous injury or disease contributing to this condition or occupational disease? ☐ Yes ☒ No (Explain if yes)

| Date 04/20/2018 | Print Doctor's Name Rex Yang | I certify that the employer's copy of this form was mailed to the employer on: 04/20/2018 |
|---|---|---|

| Address 151 W Brooks Ave | | INSURER'S USE ONLY |
|---|---|---|

| City Las Vegas | State NV | Zip 89030 | Provider's Tax I.D. Number 75-2014828 | Telephone (702) 399-6545 | |
|---|---|---|---|---|---|

| Doctor's Signature | Degree M |
|---|---|

# EXHIBIT III

   

## Safety Violation Notice

Employee Name: Ken Fank            Position: Fuel Service            Date of Violation: 04/19/2018

Dept/Classification: AXT        Manager: Chris Nigro        Hire Date: 01/04/2018        EE ID#: 6258

Describe the Safety Violation:

Ken caused an At Fault Injury to himself when he sprain / strained his back and abdomen pulling a twisting fuel hose.

Assessed 8 Points, YTD 13 Points

Witness(es) involved:

Previous incident(s):

03/13/2018= At Fault Incident, over filled tank truck and was suspended from the fuel rack for 10 days. 5 Points

Corrective action taken (Indicate specific program for improvement, correction of deficiencies, measurement criteria, and consequences if improvement is not achieved and continued. Failure to remedy any deficiency may result in termination):

Ken is to be drug tested and suspended pending our investigation.

If you feel this notice was issued in error, please contact Human Resources within 5 working days for peer review.

The above safety improvements are required immediately and are expected to continue thereafter.

I have read and discussed the above and received a copy (signature acknowledges receipt of a copy of this notice only):

Employee Signature: _____        Date: 4/24/18

Manager Signature: _____        Date: _____

Employee Comments:

LA #10200                    © Ahern Rentals, Inc.                    Last Revised: 10/2017

Fank 022

2 of 5

   

## Accident Prevention Program

Pursuant to this Accident Prevention Program (the "Program"), the Ahern Family of Companies, including Ahern Rentals, Inc., Xtreme Manufacturing, LLC, Diamond A Equipment, LLC, and AX Transportation, LLC (each, the "Company") uses the point system to review Company employees (each an "Employee") who are involved in crashes, workplace accidents, DOT violations, and/or traffic citations (each "Actionable Event"). The Program applies to all Employees, including those who drive or operate equipment owned or leased by the Company, regardless of whether the Employee was driving the equipment during business hours at the time of such Actionable Event.

The Company's Risk/Safety Department will review all Actionable Events, and will assess points based on the Risk/Safety Department's application of the Program's point system to the Actionable Event. The Risk/Safety Department's assessment will be added to the Employee's Company driving record and personnel file.

The Company expressly reserves the right to suspend, reassign or terminate an Employee for any and all reasons not otherwise prohibited by applicable law, regardless of the application of the Program and the total points assessed for any Actionable Event.

- ○ All Actionable Events will result in the Employee's suspension until the latter of the Company's receipt of the Employee's drug test results or the Company's completion of a satisfactory investigation into the Actionable Event.

- ○ The accumulation of 12 or more points in a single 12-MONTH period may result in the Employee being suspended, reassigned or terminated from the Company in the Company's sole discretion.

- ○ Three Actionable Events in a single 12-MONTH period may result in the Employee's termination from the Company at the Company's sole discretion.

Employee Name: Ken Fank                                    Employee#: _____

Date of Actionable Event: 04/19/2018 _____

Vehicle#: Back Sprain / Strain _____    Claim#: _____

Date of Review: 04/20/2018 _____

Fank 023

3 of 5

## Section 1

Was the Employee at fault for the Actionable Event?

☐ No                               0 Points
☒ Yes                              2 Points, see below

If yes, was the Employee at fault for a substantially similar Actionable Event within the immediately preceding 12-MONTH period?

☐ No                               0 Points
☒ Yes                              2 Points

TOTAL POINTS (Maximum 4 Points):  4

## Section 2

What was the aggregate Dollar value of the property/liability damage resulting from the Actionable Event?

☒ $0 - $1,000                      1 Point
☐ $1,001 - $5,000                  2 Points
☐ $5,001 - $15,000                 3 Points
☐ $15,001 - $20,000                4 Points
☐ $20,001 - $25,000                5 Points
☐ $25,001 and above                6 Points

TOTAL POINTS (Maximum 6 Points):  1

## Section 3

Did the Employee receive a citation (other than solely for exceeding the posted speed limit) as a result of the Actionable Event?

☒ No                               0 Points
☐ Yes                              1 Point

TOTAL POINTS (Maximum 1 Point):  0

## Section 4

Was the Actionable Event a crash?

☒ No                               0 Points
☐ Yes                              See below

If yes, what type of crash was the Actionable Event?  (Select Only One)

☐ Forward moving (slow)            2 Points
☐ Backward moving (slow)           2 Points
☐ Equipment/Property damage        2 Points
☐ Unloading, loading or load       3 Points
   securement
☐ Turn, lane change or merge       3 Points
☐ Rear-end other vehicle           4 Points
☐ Hit overhead object              5 Points
☐ Rollover or loss of control      5 Points

TOTAL POINTS (Maximum 5 Points):  0

© Ahern Rentals, Inc          Last Revised: 10/2017

Fank 024

 **Performance Improvement Notice**

Employee Name: Ken Fank          Position: Driver Fuel Service          Date of Incident: 4/20/2018

Dept/Classification: TSP          Manager: Chris Nigro     Hire Date: 11/4/18     EE ID#: 6258

Your conduct and/or work performance is unsatisfactory for the following reason:

☐ Record of Procedural Error   ☐ Poor Job Performance   ☒ Employment Rules Violation   ☐ Safety Violation   ☐ Other

Describe the unsatisfactory conduct or performance:

Violation Standards of Conduct, specifically failure to to report an incident immediately. Ken called at 7:45am and the incident occurred during his shift 6:30pm-3:30am.

Witness(es) involved:

Previous incident(s):

Corrective action taken (Indicate specific program for improvement, correction of deficiencies, measurement criteria, and consequences if improvement is not achieved and continued. Failure to remedy any deficiency may result in termination):

Ken understands that failure to follow all company policies, procedures and my directions will lead to further disciplinary actions, up to and including termination.

☐ Verbal Warning   ☒ Written Warning   ☐ Final Written Warning   ☐ Investigatory Suspension

The above performance improvements are required immediately and are expected to continue thereafter.

I have read and discussed the above and received a copy (signature acknowledges receipt of a copy of this notice only):

Employee Signature: _Ken Fank_          Date: 4-20-18

Manager Signature: _____          Date: 4/20/18

Employee Comments:

5 of 5

Points Assessed Per Section

| | |
|---|---|
| SECTION 1  (Maximum 4 Points) | 4 |
| SECTION 2  (Maximum 6 Points) | 1 |
| SECTION 3  (Maximum 1 Point) | 0 |
| SECTION 4  (Maximum 5 Points) | 0 |
| SECTION 5  (Maximum 3 Points) | 0 |
| SECTION 6  (Maximum 0 Points) | 0   Or Termination |
| SECTION 7  (Maximum 3 Points) | 3 |
| SECTION 8  (Maximum 1 Point) | 0 |
| **TOTAL POINTS (Maximum 23 Points):** | 8 |

Total points assessed Employee during most-recent 12-MONTH period:      13

## Corrective Action

Ken is over the allowable points with in a 12 month period and subject to termination.

Employee's Signature: _____     Date: 4/24/18

Branch Manager's Signature: _____     Date: _____

Safety Manager's Signature: Rob Mortimer _____     Date: 04/20/2018

Fank 026

# EXHIBIT IV

 

# Personnel Action Form (PAF)

Last Clock in: _____

| | Pay History | | |
|---|---|---|---|
| | Date | Amount | Reason |

Effective Date: 4/24/2018    Employee #: 6258

Employee Name: Kenneth Fank

Address: [Redacted]

City Redacted    State: Redacted    Zip Code: Redacted

Telephone #:    Location: HEN

Department: TSP    Job Title: Driver Fuel

Date of Hire: 1/4/18    Supervisor: Chris Nigro

Is this a new address?  ☐ Yes  ☐ No
If Yes, check the benefits plan(s) in which you participate:    Actively enrolled in the Health Plan    401(k)

☐ Position Transfer    ☐ Location Transfer    ☐ Promotion

Demotion    Rate Change (must have evaluation)    Status, Shift, or Hours/Day Change

## Termination

☐ Resigned   ☑ Discharged   ☐ Other:

Reason for termination action: Exceeded the amount of alloted safety points

NOTE: Send all supporting documentation directly to Human Resources.

## Inter-Company Transfers

| From | | To | |
|---|---|---|---|
| Supervisor: | | Supervisor: | |
| Location: | Dept. : | Location: | Dept. : |
| Title: | | Title: | |
| Status: | F/T    P/T    Temporary Hire | Status: | F/T    P/T    Temporary Hire |
| | Hourly    Salaried    Commission | | Hourly    Salaried    Commission |
| Rate: $ | Other: | Rate: $ | Other: |

Comments/Special Instructions:

Employee Signature: _____    Date: 4/24/18
Branch Manager: _____    Date: 4/24/18
Vice President: _____    Date: _____
Human Resources: _____    Date: _____

Send completed PAFs directly to Human Resources/Payroll.

© Ahern Rentals Inc.    Last Revised 10/22/10  PAFR1001